16 P.3d 209

**Janet K. REGNER, Plaintiff/Appellant,**

v.

**Betsey BAYLESS, Secretary of State for the State of Arizona; and Arizonans for Consumer Choice and Fair Competition, Defendants/Appellees.**

No. CV–00–0302–AP/EL.

Supreme Court of Arizona, En Banc.

Jan. 10, 2001.

---

Osborn Maledon, P.A. by Andrew D. Hurwitz by G. Murray Snow and Joan S. Burke, Phoenix, Attorneys for Janet K. Regner.

Janet Napolitano, The Attorney General by Thomas I. McClory, Assistant Attorney General, Phoenix, Attorney for Betsey Bayless, Secretary of State.

Law offices of Neil Vincent Wake by Neil Vincent Wake and Linda D. Skon, Phoenix, Attorneys for Arizonans for Consumer Choice and Fair Competition.

Janet Napolitano, The Attorney General by W. Scott Bales, Solicitor General, Phoenix, Amicus Curiae.

## OPINION

McGREGOR, Justice.

¶1 Appellant Regner brings this appeal challenging the superior court's decision that Proposition 108, a citizen-sponsored ballot initiative, conforms to the single-subject requirement of Article XXI of the Arizona Constitution. Exercising jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 19-122.C, we ordered on August 28, 2000 that Proposition 108 remain on the ballot, with this opinion to follow.[1]

■ ¶2 Article XXI of the Arizona Constitution requires that "[i]f more than one proposed amendment shall be submitted at any election, such proposed amendments shall be submitted in such a manner that the electors may vote for or against such proposed amendments separately." Ariz. Const. art. XXI, § 1. As we noted in another opinion filed today, "we consistently have examined initiatives challenged under the single-subject rule to determine whether their provisions are sufficiently related to a common purpose or principle that the proposal can be said to 'constitute a consistent and workable whole on the general topic embraced,' that, 'logically speaking, ... should stand or fall as a whole.'" *Korte v. Bayless*, 199 Ariz. 173, 176, at ¶10, 16 P.3d 200, 203 at ¶10 (2001) (quoting *Kerby v. Luhrs*, 44 Ariz. 208, 221, 36 P.2d 549, 554 (1934)).

■ ¶3 Proposition 108 would amend Article XV of the Arizona Constitution to provide that, in regions in which telecommunications consumers have a choice of providers, telecommunications rates will be determined by competition rather than by the Arizona Corporation Commission (Commission), as they are now. The Commission would determine whether competition among telecommunications providers exists in a particular area. Consumers located in a region determined to have competition who do not themselves have a choice of providers would be charged the same rates as similar consumers who had a choice. In areas in which no competition among providers exists, the Commission would continue to set rates, but would no longer be required to use only the fair value method in setting them.

¶4 Appellant Regner contends that Proposition 108 includes two impermissibly combined amendments: one that would deregulate telecommunications in competitive areas and another that would eliminate the fair value requirement in those areas still regulated by the Commission. We do not find this construction of the proposition persuasive. Although the proposition involves two provisions, both of these provisions serve the purpose of allowing competition, where possible, to set telecommunications rates. In areas in which direct competition exists

---

among providers, Proposition 108 would remove the Commission from the ratemaking process. Where no direct competition exists, Proposition 108 would allow the Commission to use measures other than fair value in setting rates, an approach proponents argue is made necessary by the difficulty of using fair value in a partially deregulated system.

¶ 5 The components of Proposition 108 represent an attempt to create a "consistent and workable" proposal on the subject of telecommunications rate setting, and both advance the common purpose of allowing competition to set telecommunications rates where possible. Proposition 108 does not violate the single-subject requirement of Article XXI. We affirm the decision of the trial court.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice Chief Justice, STANLEY G. FELDMAN, Justice, and FREDERICK J. MARTONE, Justice.